By the Court.*—Charles P. Daly, Ch. J.
[Orally.]—It was competent for the legislature to give a right of trial by jury in these courts, in such mode as they might prescribe. Before the act of 1869, either *373 party might, at the time of joining issue but not after-wards, claim a jury of six. ; This right was given by the previous statute (L. 1857, c. 344, § 34). The act of 1869, and the jury it provides for, are of a different character. [The chief justice here read the statute above stated.]
Now, even if a party had demanded a jury of six, and it had been refused, because not demanded according to the requirements of the statute relating to the jury of six, a jury of twelve might still be secured under the act of 1869, for this is an entirely new provision, and relates to a different kind of jury. It specifies no time in which the claim or the assent must be made, but merely the conditions on which a jury of twelve shall be ordered. The restriction, therefore, in the former act, requiring the demand to be made when issue is joined, does not apply to the claim of a jury under the new act.
The whole question, therefore, is whether, in this case, there was an assent on the part of the defendant to plaintiff’s claim of a jury of twelve.
We are of opinion that the statute is to be liberally construed, in favor of trial by jury. It does not say in what manner the necessary assent shall be manifested, and we are of opinion that it is sufficient if it clearly gives the court to understand that both parties assent, or that one has claimed and the other assents to the ordering of a jury of twelve, so that the court may put the necessary machinery in motion.
In this case, the return, by which we must be governed, shows that the plaintiff demanded “ a full jury,” and this sufficiently establishes a demand of the jury of twelve.
The kind of assent required not being specified by the statute, the law should require such a manifestation of assent as. satisfies the court and enables it to put the machinery of the court in motion to secure the *374 ordering of the jury. For this purpose assent expressed in writing or in words is not essential. The maxim that silence gives consent is applicable in this, as in the case of one of the most important contracts— an engagement of marriage (Homan v. Earle, 53 N. Y. 267).*
The fact that the jury fees were paid by plaintiff, and that an adjournment was had on the defendant’s request for the purpose of the trial, manifests assent just as plainly as if he had expressed assent in words. A tacit assent is sufficient to satisfy the statute, and, therefore, after a full jury had been requested by the plaintiff, and defendant had manifested his assent by not objecting, and by asking for and taking an adjournment for the purposes of trial, it was error to quash the venire and refuse a trial by jury.
On this ground alone, the judgment must be reversed.
All the judges concurred.

 Present Chaxles P. Daly, Oh. J., and Yam Hoesen and J. F. Daly, JJ.

 Reported below in 14 Abb. Pr. N. S. 402